NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALTA FUNDAMENTAL ADVISERS LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL BISARO, *et al.*, <br><br> Defendants. | Civil Action No. 24-9245 (ZNQ) (JTQ) <br><br> **OPINION** |

QURAISHI, District Judge

**THIS MATTER** comes before the Court upon a Motion for Reconsideration filed by Moving Defendants Jason Goodson and Daniel Speciale (collectively, "Moving Defendants"). ("Motion, ECF No. 24.)  Plaintiffs Alta Fundamental Advisers, LLC, Alta Fundamental Advisers Master LP, Alta Fundamental Advisers SP LLC, Blackwell Partners LLC, and Star V Partners LLC (collectively, "Plaintiffs") filed a brief in opposition ("Opp'n Br.," ECF No. 27), to which Moving Defendants replied ("Reply Br.," ECF No. 28).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Defendants' Motion.

I.    BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the instant motion.  For a comprehensive review of the factual history, reference is made to *Alta Fundamental Advisers LLC v. Bisaro*, Civ. No. 24-

1

9245, 2024 WL 1793691, at *1–4 (D.N.J. June 30, 2025) (granting motion to dismiss with the exception of Plaintiffs' Section 18(a) claims), of which Defendants now seek reconsideration. (*See* ECF No. 21.)

In response to the Complaint, all Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act of 1995. (*See generally* ECF No. 8.) On June 30, 2025, the Court granted the Defendants' Motion to Dismiss as to five of six of Plaintiffs' claims against Moving Defendants. (*See generally* ECF No. 21.) The Court, however, permitted the claims under Section 18 (Count II) against Moving Defendants to proceed. (*See id.*)

## II.    SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa.

## III.    DISCUSSION

Reconsideration, under Local Civil Rule 7.1(i), is an "extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). To demonstrate a clear error, a party must

2

do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that the holdings on which it bases its request (1) were without support in the record, or (2) would result in manifest injustice if not addressed. *Leja v. Schmidt Mfg, Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). Importantly, courts will "entertain" motions for reconsideration "[o]nly where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Mere "disagreement with the Court's decision" is also insufficient. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, nor is it an opportunity to ask the Court to rethink what it has already thought through. *See Peoplestrategy, Inc. v. Lively Emp. Serv., Inc.*, Civ. No. 20-2640, 2020 WL 7237930, *6 (D.N.J. 2020).

Here, Moving Defendants contend that, because a plaintiff must plead a false or misleading statement in an SEC filing in order to state a claim under Section 18, and because the "Court concluded that neither of the [ ] Defendants made a false or misleading statement, the Section 18 claim against the [ ] Defendants should be dismissed as well." (Moving Br. at 1, 5.) Plaintiffs endorse the Court's prior conclusion. (*See generally* Opp.)

"Section 18 creates a private remedy for damages resulting from the purchase or sale of a security in reliance upon a false or misleading statement contained in any document or report filed with the SEC pursuant to the Exchange Act." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 283 (3d Cir. 2006) (citing 15 U.S.C. § 78r(a)). A plaintiff is required to plead actual, as opposed to presumed, reliance upon a false or misleading statement. *Id*. (citations omitted). These false or misleading statements must be specifically identified. *Id*. at 284.

3

Here, Plaintiffs allege that Defendant Jason Goodson ("Goodson") is Executive Vice President and Chief of Strategy and Restructuring Officer at Mallinckrodt.  (Compl. ¶ 33.)  He held several prior roles in corporate leadership with the company.  (*Id*.)  Defendant Daniel Speciale ("Speciale") served as Mallinckrodt's Global Controller and Chief Investor Relations officer from 2021 to 2023. (Id. ¶ 36.)  He too held other earlier leadership roles.  (*Id*.)

As to purportedly false or misleading statements, Plaintiffs cite several representations made to the SEC in the following Mallinckrodt's filings: quarterly Forms 10-Q filed in August 2022 and in November 2022; and annual Form 10-K filed in March 2023.  (Compl. ¶¶ 62–64, 76–78; 89–97.)  Critically however—as Moving Defendants highlight in the Motion—the Complaint fails to plead how either Goodson or Speciale "ma[d]e or caused to be made these statements." *See* Section 18(a).  Specific allegations in the Complaint as to Goodson pertain to his role in Mallinckrodt's bankruptcy proceedings, not its SEC filings.  (Compl. ¶¶ 108–110.)  Likewise, specific allegations as to Speciale pertain to his role as the head of investor relations and communications with investors, rather than with any role in SEC filings.  (Compl. ¶¶ 36, 87, 133, 170.)  Upon closer review, Moving Defendants are correct.

Accordingly, the Court finds:  that it was clear error to overlook the absence of the required, specific allegations with respect to Moving Defendants' purported involvement in Mallinckrodt's SEC submissions; and that its decision was inconsistent with the record before it on the Motion to Dismiss.

## IV.   **CONCLUSION**

For the reasons stated above, the Court will **GRANT** Moving Defendants' Motion for Reconsideration (ECF No. 24).  The portion of the Court's Opinion issued June 30, 2025 (ECF No. 21) regarding the Section 18 claims (Count II) against Moving Defendants will be

**VACATED**.  Likewise, the Court's corresponding Order issued June 30, 2025 (ECF No. 22) will

be **VACATED** in its entirety.  An appropriate Order will follow.


Date: February 24, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**